**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REVECA REYES SANTOS,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 20-73735

Agency No. A 216-269-829

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2026**
San Francisco, California

Before: CALLAHAN, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Reveca Reyes Santos, a native and citizen of Guatemala, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") dismissing her appeal

from an order of an Immigration Judge ("IJ") (collectively, the "Agency") denying

her applications for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel previously granted Respondent's unopposed motion to
submit the case on the briefs and record (Dkt. No. 37).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Where the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and provides its own analysis, we review both the IJ's and the BIA's decisions. *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We review the Agency's legal decisions de novo and its factual findings for substantial evidence. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We will uphold the Agency's factual findings unless we are "*compelled* to conclude to the contrary." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023).

1. Substantial evidence supports the Agency's denial of Petitioner's claims for asylum and withholding of removal on the grounds that Petitioner did not establish past persecution or the requisite fear of future persecution. The record reflects that Petitioner's past experiences amounted to mere harassment and therefore did not rise to the level of past persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (defining persecution as "an extreme concept that means something considerably more than discrimination or harassment."). Substantial evidence also supports the IJ's finding that Petitioner could safely and reasonably relocate to another part of Guatemala. *See* 8 C.F.R. § 1208.13(b)(2)(ii) (explaining that an applicant does not have a well-founded fear of persecution if they can safely and reasonably relocate to another part of their country of

nationality); *see also Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021). As Petitioner is unable to meet the burden of proof for asylum, she necessarily fails to meet the more stringent standard required for withholding of removal. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

2. Substantial evidence supports the Agency's denial of Petitioner's CAT claim. The IJ weighed the evidence and found that while "it is clear Guatemala is a dangerous place to live," Petitioner had not shown "any interest of the Guatemalan government in torturing her or allowing or acquiescing in the torture of their citizens." The record does not compel a contrary result. Petitioner does not identify with particularity any "highly probative or potentially dispositive evidence" that the Agency failed to consider. *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011). And Petitioner's vague and generalized assertion that "law enforcement offers little to no protection" does not meet the standard for government acquiescence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (explaining that "general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence").

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Dkt. No. 1) is otherwise denied.